**Evelio Carrera VASQUEZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70618.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 30, 2008.

James L. Rosenberg, Esq., Law Offices of James L. Rosenberg, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, OIL, John S. Hogan, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM [**]

Evelio Carrera Vasquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his request for a continuance and application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We review for abuse of discretion the denial of a continuance, *id.*, grant the petition for review, and remand for further proceedings.

Vasquez sought a continuance to file an expedited Freedom of Information Act request to obtain a file regarding his legalization application under *Catholic Social Services, Inc. v. Thornburgh*, 956 F.2d 914 (9th Cir.1992). This sealed file was in the possession of government counsel. The IJ denied the continuance, but made no reference to three of the four relevant factors identified in *Baires v. INS*, 856 F.2d 89, 92–93 (9th Cir.1988). As to the one *Baires* factor the IJ did discuss, he acknowledged that the nature of the evidence allegedly contained in the file was important to Vasquez's claim, but improperly faulted him for failing to identify in advance the contents of the file. *See id.* Further, the amnesty for which Vasquez applied required him to prove his continuous physical presence and the application would therefore likely be probative to his applica-

tion for cancellation of removal. The IJ therefore abused his discretion when he denied the continuance.

Because we conclude that the IJ improperly denied a continuance we do not consider the agency's determination that Vasquez did not establish the requisite period of continuous physical presence.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

