**Ruben BERBER–PIMENTEL, a.k.a. Ruben Eerber–Pimentel, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–70000.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 6, 2009.

Jonathan Myles Kaufman, Esquire, San Francisco, CA, for Petitioner.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, OIL, U.S. Department

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Ruben Berber–Pimentel, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to continue and ordering him removed. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue and de novo claims of due process violations. *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam). We deny the petition for review.

The agency did not abuse its discretion in denying Berber–Pimentel's motion to continue, where it had granted numerous previous continuances, provided a notice of hearing indicating that Berber–Pimentel's cancellation of removal application was due by April 30, 2003, and properly deemed the application abandoned after he failed to file it by the deadline. *See Baires v. INS,* 856 F.2d 89, 92 (9th Cir.1988) (denial of a continuance "must be resolved on a case-by-case basis according to the facts and circumstances of each case"); 8 C.F.R. § 1003.31(c) (authorizing the IJ to set filing deadlines and to deem waived any application not filed by the deadline). It

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

follows that the agency did not violate due process. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to succeed on a due process claim).

**PETITION FOR REVIEW DENIED.**