Mostafa **AZIM**, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–72204.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 6, 2009.

Howard Robert Davis, Law Offices of Howard R. Davis, Santa Monica, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Saul Greenstein, Esquire, Holly Smith, Esquire,

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM **

Mostafa Azim, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decisions denying his motion to continue and denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue, *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam), and for substantial evidence the agency's adverse credibility determination, *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir.2004). We deny in part and grant in part the petition for review, and remand for further proceedings.

The IJ did not abuse her discretion in denying Azim's motion to continue because the IJ previously granted several continuances and Azim's I–140 petition had been denied. *See Sandoval–Luna*, 526 F.3d at 1247 (denial of a motion to continue was not an abuse of discretion where proceedings had already been continued and the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petitioner was not immediately eligible for relief).

Substantial evidence does not support the agency's adverse credibility determination. *See Hosseini v. Gonzales,* 471 F.3d 953, 957 (9th Cir.2006). The BIA relied on two grounds. The first was improperly based on the omission from Azim's asylum application of his membership in, and affiliation with, the Purba Banglar Sarbahara Party. *See Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990) ("failure to state each and every ground for a claim of political asylum at the time of the initial application should not prejudice that claim"). The agency failed to consider Azim's explanation that the individual who filled out his asylum application wrote a summary version of the detailed account he provided. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003) ("Inconsistencies due to an unscrupulous preparer, without other evidence of dishonesty … do not provide a specific and cogent basis for an adverse credibility finding.").

Substantial evidence also does not support the BIA's reliance on Azim's inconsistent testimony about the length of his detention because he was not afforded an opportunity to explain the discrepancy. *See Chen v. Ashcroft,* 362 F.3d 611, 618 (9th Cir.2004) (requiring "a reasonable opportunity to explain what the IJ perceived as an inconsistency in [the petitioner's] testimony").

We therefore grant the petition for review in part and remand for the agency to reconsider Azim's eligibility for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**