Tamara NALBANDYAN; Maryam Nalbandyan, Petitioners,

v.

Eric H. HOLDER Jr., Attorney General, Respondent.

No. 06–71521.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Sassoun A. Nalbandian, Esq., Law Offices of Sassoun A. Nalbandian, Valley Village, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq. Sada Manickam, Esq. DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM \*\*

Tamara Nalbandyan and Maryam Nalbandyan, mother and daughter and natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision denying their request for a continuance and denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance, *Nakamoto v. Ashcroft,* 363 F.3d 874, 883 n. 6 (9th Cir. 2004), and review de novo questions of law, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

The IJ did not abuse his discretion in denying petitioners' request for a continuance because petitioners did not establish good cause for failing to provide their fingerprints two months in advance of their merits hearing despite the IJ's warning that failure to comply would result in the denial of petitioners' applications and his instruction to support with medical evidence any claim that Maryam was unable to provide her fingerprints. *See Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246–47 (9th Cir.2008); *cf. Cui v. Mukasey,* 538 F.3d 1289, 1293–95 (9th Cir.2008). It follows that petitioners' due process claim fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation).

Petitioners' remaining contention is unpersuasive.

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

