**Blanca Estela SAMANO DE HERNANDEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–71263.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Nov. 2, 2009.

Camille K. Cook, Esq., Robert W. Yarra, PLC, Fresno, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Kathryn L. Moore, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

Blanca Estela Samano De Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal and her motion to continue. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue, *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam), and we deny the petition for review.

The agency did not abuse its discretion in denying Samano De Hernandez's motion for a continuance where Samano De Hernandez did not demonstrate good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for continuance for good cause shown); *see also Sandoval–Luna,* 526 F.3d at 1247.

It follows that the agency did not violate due process by denying Samano De Hernandez's motion to continue. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).