**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEUNG CHOON HWANG, a.k.a Seung Choon Son, et al., | Nos. 07-71164 08-71300 |
| Petitioners, | Agency Nos. A075-650-088 |
| v. | A075-650-089 A075-650-090 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated petitions for review, Seung Choon Hwang and her

family, natives and citizens of South Korea, petition for review of the Board of

Immigration Appeals' ("BIA") orders dismissing their appeal from an immigration

judge's ("IJ") decision denying their application for adjustment of status, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008), and we review de novo claims of constitutional violations in immigration proceedings, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). In No. 07-71164, we deny the petition for review, and in No. 08-71300, we dismiss the petition for review.

The IJ did not abuse her discretion in denying a continuance on the ground that petitioners did not demonstrate good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for continuance for good cause shown); *see also Sandoval-Luna*, 526 F.3d at 1247 (IJ did not abuse discretion in denying a continuance where alien had no approved visa petition and no relief was immediately available). Petitioners' due process claim fails because they cannot demonstrate prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir. 2004), shall continue in effect until issuance of the mandate.

**In No. 07-71164: PETITION FOR REVIEW DENIED.**

**In No. 08-71300: PETITION FOR REVIEW DISMISSED.**