**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KULJINDER SINGH,

             Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

             Respondent.

No. 07-73946

Agency No. A096-138-120

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Kuljinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and de novo claims of due process violations in immigration proceedings, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies regarding Singh's identity, the nature and circumstances of the political activities in which he was involved, and the nature of the harms he suffered. *See Chebchoub*, 257 F.3d at 1043; *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (upholding adverse credibility finding where inconsistencies went to key elements of the asylum claim, including identity). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because Singh's CAT claim is based on the same testimony found to be not credible, and Singh does not point to any other evidence that shows it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id.* at 1156-57.

Finally, Singh's contention that the IJ's hostile manner violated his due process rights fails.  *See Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000) (requiring error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**