**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AURA ALICIA MORALES CASTRO, | No. 08-72221 |
| Petitioner, | Agency No. A070-812-325 |
| v. | |
| MICHAEL B. MUKASEY, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Aura Alicia Morales Castro, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") decision denying her applications for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence findings of fact, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and de novo claims of due process violations in immigration proceedings, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Morales Castro contends she will be harmed based on her membership in a particular social group consisting of Guatemalan women who have witnessed serious crimes. Substantial evidence supports the IJ's finding that she failed to demonstrate that she was or would be persecuted on the basis of a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (fears stemming from isolated criminal acts of violence do not provide a basis for relief). Morales Castro's assertion that the IJ violated her due process rights by failing to address the gender aspect of her claim is belied by the record. *See Colmenar v. INS*, 210 F.3d 967, 971-72 (9th Cir. 2000) (requiring error to establish a due process violation). Accordingly, Morales Castro's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**