**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GARCIA-SANTACRUZ, a.k.a. Jose Lopez-Gomez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-71158 <br><br> Agency No. A028-776-911 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Jose Garcia-Santacruz, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order sustaining the

government's appeal from an immigration judge's ("IJ") decision granting his

application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and de novo claims of due process violations in immigration proceedings, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the BIA's finding that Garcia-Santacruz failed to demonstrate that either his kidnaping or the threatening phone calls his mother received from guerrillas were on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481-82 (1992); *Tecun-Florian v. INS*, 207 F.3d 1107, 1109 (9th Cir. 2000). Accordingly, Garcia-Santacruz's asylum claim fails. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Because Garcia-Santacruz failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

Finally, we reject Garcia-Santacruz's contention that the IJ violated his due process rights by declining to reconsider his asylum and withholding of deportation claims on remand when the BIA had already reversed the IJ's grant of asylum. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail in due process claim).

**PETITION FOR REVIEW DENIED.**

08-71158