**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANSELMO ALONSO HERRERA-
LOPEZ, a.k.a. Anselmo Herrera Lopez,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-70201

Agency No. A092-280-130

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Anselmo Alonso Herrera-Lopez, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's ("IJ") decision pretermitting his application for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal and denying his motion for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of constitutional violations, and review for abuse of discretion the denial of a motion for a continuance. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny the petition for review.

The IJ did not violate Herrera-Lopez's right to due process by pretermitting his cancellation application without first giving him an opportunity to testify. Herrera-Lopez has failed to show that his testimony concerning the outcome of the criminal charges at issue may have affected his eligibility for relief. *See id.* at 1109 (to prevail on a due process claim, petitioner must show "that the outcome of the proceeding may have been affected by the alleged violation") (citation omitted).

The IJ did not abuse his discretion by denying Herrera-Lopez's request for a continuance where the proceedings had already been continued for more than a year to allow Herrera-Lopez to file his application, and he was expressly placed on notice during the previous hearing that the application must be complete. *See id.* at 1110 (setting forth factors to consider in reviewing the denial of a continuance).

Herrera-Lopez's equal protection claim fails because he has not established that he was treated differently from similarly situated persons. *See id.* at 1109 n.2.

**PETITION FOR REVIEW DENIED.**

10-70201