**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR ALVITRES-CAMPOS, a.k.a. Jorge Frontela, a.k.a. Gabriel Haumada, a.k.a. Juan J. Hernandez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72226 <br><br> Agency No. A201-173-449 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Julio Cesar Alvitres-Campos, a native and citizen of Peru, petitions pro se

for review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an order of removal of an immigration judge ("IJ").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual determinations and review de novo due process claims. *Vilchez v. Holder*, 682 F.3d 1195, 1198-99 (9th Cir. 2012). We deny the petition for review.

Substantial evidence supports the BIA's determination that Alvitres-Campos had not satisfied his burden of proving by clear and convincing evidence that he is present in the United States pursuant to a prior lawful admission, because Alvitres-Campos did not offer any evidence to corroborate his claim that he had entered the United States on a tourist visa. *See* 8 U.S.C. § 1229a(c)(2)(B) ("[T]he [alien must] demonstrate[] by clear and convincing evidence that he or she is lawfully present in the United States pursuant to a prior admission").

Moreover, Alvitres-Campos has not demonstrated that the agency's refusal to continue his removal proceedings caused him to suffer any prejudice because, at the time of the hearing, Alvitres-Campos's eligibility for adjustment of status remained only a speculative possibility. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam) (rejecting for lack of prejudice a due process claim based on an IJ's denial of a continuance because the petitioner had not shown that he was eligible for adjustment of status at the time of the hearing).

**PETITION FOR REVIEW DENIED.**

11-72226