**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DANIEL SANDOVAL-LUNA,
                *Petitioner,*

       v.

MICHAEL B. MUKASEY, Attorney
General,
              *Respondent.*

No. 04-74825

Agency No.
A95-310-456

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2008*
Pasadena, California

Filed May 22, 2008

Before: Alfred T. Goodwin, Betty B. Fletcher, and
N. Randy Smith, Circuit Judges.

Per Curiam Opinion

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Alma Rose Nieto, Los Angeles, California, for the petitioner.

Joshua E. Braunstein, U.S. Department of Justice, Washington, D.C., for the respondent.

**OPINION**

PER CURIAM:

Daniel Sandoval-Luna petitions for review of his removal proceedings. He contends that the Immigration Judge's denial of a continuance constitutes an abuse of discretion and violation of due process, and that the qualifying relative requirement for cancellation of removal, 8 U.S.C. § 1229b(b)(1)(D),

violates his equal protection rights. The government asserts we have no jurisdiction over Sandoval-Luna's petition. We hold that we have jurisdiction, and we deny the petition for review.

## BACKGROUND

The former Immigration and Naturalization Service charged Daniel Sandoval-Luna with removability under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i). On December 18, 2002, Sandoval-Luna appeared with counsel before an Immigration Judge ("IJ") and conceded his removability. The IJ granted a six-month continuance so counsel could attempt to establish that Sandoval-Luna was eligible for cancellation of removal.

On June 18, 2003, Sandoval-Luna appeared for the second time before the IJ. He admitted that he was not eligible for cancellation of removal because he lacked a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D). Sandoval-Luna's counsel asked for another continuance to allow time for the release of new regulations under the Child Status Protection Act ("CSPA"), hoping to assert that Sandoval-Luna was eligible for adjustment of status as a derivative beneficiary of his father's labor certification application. The CSPA regulations had not been released at the time of the hearing, and the labor certification application had not been processed. The IJ denied the request for a further continuance.

After the denial, the IJ entered an oral decision in which he pretermitted Sandoval-Luna's application for cancellation of removal and granted sixty days for voluntary departure. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without opinion. This petition for review followed.

## STANDARD OF REVIEW

When the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency action. *Khup v.*

*Ashcroft*, 376 F.3d 898, 902 (9th Cir. 2004) (citing *Kebede v. Ashcroft*, 366 F.3d 808, 809 (9th Cir. 2004)). We review questions concerning our jurisdiction de novo. *Sandoval-Lua v. Gonzales*, 499 F.3d 1121, 1126 (9th Cir. 2007) (citing *Andersen v. United States*, 298 F.3d 804, 807 n.2 (9th Cir. 2002)). An IJ's denial of a motion for continuance is reviewed for an abuse of discretion. *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n.6 (9th Cir. 2004) (citing *Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988)). We review de novo claims of equal protection and due process violations in removal proceedings. *Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1287 (9th Cir. 2004) (citing *Kankamalage v. INS*, 335 F.3d 858, 861 (9th Cir. 2003)) (equal protection); *Khup*, 376 F.3d at 902 (citing *Ramirez-Alejandre v. Ashcroft*, 320 F.3d 858, 869 (9th Cir. 2003) (en banc)) (due process).

## DISCUSSION

### A.   Jurisdiction

The government contends that we lack jurisdiction to review the IJ's discretionary decision to deny Sandoval-Luna's motion for a continuance. Under 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General . . . ." The government argues that the quoted language strips this court of jurisdiction over Sandoval-Luna's petition for review. We disagree.

**[1]** First, we have statutory jurisdiction over Sandoval-Luna's due process and equal protection claims. Under 8 U.S.C. § 1252(a)(2)(D), as amended by the REAL ID Act of 2005, "[n]othing in . . . this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review . . . ." This provision

restores judicial review of constitutional claims presented in petitions for review. *See Sandoval-Lua*, 499 F.3d at 1126; *see also Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005), *adopted by* 466 F.3d 1121, 1124 (9th Cir. 2006) (en banc).

**[2]** Second, we also have jurisdiction over Sandoval-Luna's claim that the IJ abused his discretion by denying the motion for a continuance. Most circuits have held that 8 U.S.C. § 1252(a)(2)(B)(ii) does not strip jurisdiction over petitions challenging an IJ's discretionary denial of a continuance, even absent constitutional claims. *See Alsamhouri v. Gonzales*, 484 F.3d 117, 121-22 (1st Cir. 2007) (citing cases from other circuit courts addressing the same issue). The plain language of the statute precludes judicial review only for actions "specified *under this subchapter* to be in the discretion of the Attorney General . . . ." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). Analyzing this language in the context of an IJ's discretionary denial of a continuance, the First Circuit concluded:

> An immigration judge's authority to continue a case is not "specified under" the subchapter to be in the discretion of the Attorney General. Instead, the grant of discretion is contained in 8 C.F.R. § 1003.29 and related regulations. . . . Indeed, the relevant statutory provisions do not mention continuances, let alone indicate that the granting or denial of continuances by an IJ is "in the discretion of the Attorney General." Therefore, an immigration judge's discretionary decision to deny a continuance is not covered by the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(ii).

*Alsamhouri*, 484 F.3d at 122.

**[3]** This analysis is persuasive. We stated a similar rationale to explain our jurisdiction over an IJ's discretionary denial of a motion to reopen. *See Medina-Morales v. Ashcroft*, 371

F.3d 520, 528-29 (9th Cir. 2004). We now hold that we have jurisdiction to review an IJ's discretionary denial of a continuance. This type of review is not barred by 8 U.S.C. § 1252(a)(2)(B)(ii). We therefore have jurisdiction over Sandoval-Luna's petition for review. It does not follow, however, that he prevails.

## B. Abuse of Discretion

**[4]** Sandoval-Luna contends that the IJ erred by not granting a continuance to allow for the release of regulations under the CSPA and the adjudication of his father's labor certification application. We disagree. "The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *De la Cruz v. INS*, 951 F.2d 226, 229 (9th Cir. 1991) (citing *Rios-Berrios v. INS*, 776 F.2d 859, 862 (9th Cir. 1985)). Here, the IJ had already granted Sandoval-Luna a six-month continuance. Even assuming that Sandoval-Luna would have been eligible as a dependent under his father's labor certification application, that application had not been approved at the time of the hearing and no relief was then immediately available.

## C. Due Process

**[5]** Sandoval-Luna also argues that the IJ's denial of a continuance violated his due process rights because future CSPA regulations may, some day, allow him to adjust his status under his father's labor certification application. We reject this argument because Sandoval-Luna does not have a cognizable liberty interest in discretionary relief from removal. *See Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004) (citing *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003)). Sandoval-Luna also has not established that he was prejudiced by the denial of a continuance because nothing in the record shows that he was eligible for adjustment of status or any other relief from removal. *See Vargas-Hernandez v.*

*Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) (citing *Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999)).

### D. Equal Protection

**[6]** Finally, Sandoval-Luna contends that the qualifying relative requirement for cancellation of removal, 8 U.S.C. § 1229b(b)(1)(D), violates his equal protection rights because Congress is treating similarly situated aliens differently. He is wrong. "[F]ederal authority in the areas of immigration and naturalization is plenary." *Mendoza v. INS*, 16 F.3d 335, 338 (9th Cir. 1994) (quoting *Sudomir v. McMahon*, 767 F.2d 1456, 1464 (9th Cir. 1985)). "Federal classifications distinguishing among groups of aliens thus are valid unless 'wholly irrational.' " *Garberding v. INS*, 30 F.3d 1187, 1190 (9th Cir. 1994) (quoting *Sudomir*, 767 F.2d at 1464). The statutory limitation on cancellation of removal for aliens without qualifying relatives meets the standard for rational basis review. *See United States v. Barajas-Guillen*, 632 F.2d 749, 752 (9th Cir. 1980).

### PETITION DENIED.