FILED

FEB 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE RODRIGUEZ-MANCILLA, | No. 06-70408 |
| Petitioner, | Agency No. A071-622-109 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Enrique Rodriguez-Mancilla, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JTK/Research

cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Landin-Zavala v. Gonzales*, 488 F.3d 1150, 1151 (9th Cir. 2007), review for abuse of discretion the denial of a motion to continue, and review de novo claims of due process violations, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny the petition for review.

Substantial evidence supports the agency's determination that Rodriguez-Mancilla did not meet the continuous physical presence requirement because Rodriguez-Mancilla was personally served an order to show cause in 1993 and testified that he signed for voluntary departure and exited the country. *See Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 972 (9th Cir. 2003) (per curiam) (a departure pursuant to an order of voluntary departure constitutes a break in continuous physical presence). Rodriguez-Mancilla has not alleged that he was misled about the consequences of accepting voluntary departure or that he otherwise failed to obtain due process in the 1993 proceedings. *Cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006).

The agency did not abuse its discretion in denying Rodriguez-Mancilla's motion for a continuance where he did not demonstrate good cause. *See Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988); 8 C.F.R. § 1003.29. It follows that the

agency did not violate due process by denying Rodriguez-Mancilla's motion to continue. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

We reject Rodriguez-Mancilla's due process claim regarding the IJ's reliance on hearsay evidence, because any error committed by the IJ was corrected when the BIA's decision did not rely on the evidence in question. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge); *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir. 1998) (any error committed by the IJ may be rendered harmless by the BIA's application of the correct legal standard).

**PETITION FOR REVIEW DENIED.**