**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EMILIANO SOLIS,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-71619

Agency No. A070-938-176

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Emiliano Solis, a native and citizen of Mexico, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KV/Research

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Sidhu v. INS*, 220 F.3d 1085, 1088 (9th Cir. 2000), and we review de novo constitutional issues, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Solis failed to produce his brother's testimony at the hearing to corroborate his claim, where his brother was the only witness to events forming the basis of Solis' claim and was available to testify, *see Sidhu*, 220 F.3d at 1090-91 (IJ could properly fault applicant for failing to produce critical corroborating witness from nearby suburb), and Solis' explanation does not compel a contrary conclusion, *see Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Solis' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Solis' CAT claim is based on testimony the agency found not credible, and there is no evidence in the record that compels a finding that it is more likely than not he would be tortured if returned to Mexico, his CAT claim also fails. *See id*. at 1156-57. Solis' contention that the agency did not apply the correct standard to his CAT claim is not supported by the record.

We reject Solis' contention that the IJ's pretermission of his cancellation of removal claim violated due process. *See Lata*, 204 F.3d at 1246 (requiring error for due process violation).

Solis' contention that the qualifying relative requirement for cancellation of removal violates equal protection is foreclosed by *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam).

**PETITION FOR REVIEW DENIED.**