**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAPNA SULTANA, a.k.a. Masuma
Hossain,

  Petitioner,

 v.

ERIC H. HOLDER, Jr., Attorney General,

  Respondent.

No. 07-72170

Agency No. A075-518-500

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Shapna Sultana, a native and citizen of Bangladesh, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004), de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000), and for abuse of discretion a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that petitioner's asylum application was untimely because that finding was based on disputed facts. *See Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).

Petitioner entered the United States using the admittedly false name Masuma Hossain, and, five years later, she used the same false name when she married. Her mother's name on petitioner's marriage license differs from her mother's name in petitioner's asylum application, and petitioner was inconsistent regarding her date of birth. Substantial evidence supports the IJ's adverse credibility determination based on the inconsistencies regarding petitioner's identity, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (identity is a key element of the asylum application that must be credibly established by the applicant), and petitioner's failure to corroborate her identity, *see Sidhu v. INS*, 220 F.3d 1085, 1091-92 (9th Cir. 2000) ("[I]f the trier of fact either does not believe the applicant or does not

2

know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application.").[1]  Accordingly, petitioner's withholding of removal claim fails.

Because petitioner's CAT claim is based on the same statements found to be not credible, and she does not point to any other evidence in the record that would compel a finding it is more likely than not she would be tortured if returned to Bangladesh, substantial evidence supports the IJ's denial of CAT protection.  *See Farah*, 348 F.3d at 1156-1157.

Finally, we reject petitioner's contention that the IJ violated her due process rights by denying her motion to continue.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

[1]On appeal to the BIA, petitioner submitted her alleged birth certificate for the first time.  The BIA did not acknowledge the certificate, and petitioner does not challenge the BIA's failure to address it.