**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MAUNG SEIN WIN, | No. 08-71290 |
| Petitioner, | Agency No. A099-401-941 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Maung Sein Win, a native and citizen of Burma, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and de novo claims of due process violations in immigration proceedings, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

We reject Win's assertion that the his due process rights were violated by issues with the translation during his hearing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice for a petitioner to prevail on a due process claim).

The record does not compel the conclusion that Win established changed or extraordinary circumstances excusing the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam); *Mutuku v. Holder*, 600 F.3d 1210, 1212 (9th Cir. 2010). Accordingly, Win's asylum claim fails.

The agency found Win not credible based on inconsistencies between his asylum application, his witness' testimony, and his own testimony regarding his political activities in Burma and whether he endured any harm there. Substantial

evidence supports the agency's adverse credibility determination. *See Shrestha*, 590 F.3d at 1040-44 (adverse credibility determination was reasonable under the Real ID Act's "totality of the circumstances"); *Malkandi v. Holder*, 576 F.3d 906, 917-19 (9th Cir. 2009).

However, Win argues, as he did before the BIA, that he presented evidence independent of his credibility demonstrating his eligibility for relief based on his political activities in the United States. He contends the testimony of Dr. Aung Khin, the credibility of whom the IJ did not address, independently demonstrated he participated in demonstrations in the United States against the Burmese government as a part of the Committee for the Restoration of Democracy in Burma, and an article indicating the Burmese embassy monitors activities of Burmese exiles in the United States established his activities would come to the attention of the Burmese government and place him in danger of arrest, persecution, and torture as a political dissident. The BIA failed to address Win's contentions, only affirming the IJ's finding that Win was not credible. Therefore, we grant the petition with respect to Win's withholding of removal and CAT claims and remand for the BIA to address them in the first instance. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (remanding where BIA failed to

address petitioner's claim); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**