NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM RAMOS-LANDAVERDE, | No. 07-74839 |
| Petitioner, | Agency No. A070-810-043 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

William Ramos-Landaverde, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), and Temporary Protected Status ("TPS"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008), and review de novo claims of due process violations in immigration proceedings, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's finding that Ramos-Landaverde failed to demonstrate past persecution or a well-founded fear of persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992) (even if the petitioner holds a political opinion, he still has to establish targeting based on it). Accordingly, Ramos-Landaverde's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Substantial evidence also supports the agency's finding that Ramos-Landaverde did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Salvadoran government. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008).

The BIA did not err in finding Ramos-Landaverde failed to meet his burden of demonstrating eligibility for cancellation of removal under NACARA because he provided no evidence that he was a registered ABC class member. *See* 8 C.F.R. § 1240.61(a)(1). The BIA also did not err in finding Ramos-Landaverde ineligible for TPS because he provided no evidence he filed an application for TPS. *See* 8 C.F.R. § 244.2.

Finally, we reject Ramos Landaverde's due process contentions that the BIA failed to provide a reasoned explanation for its decision and that the IJ did not allow him to file an application for cancellation of removal because they are belied by the record. *See Colmenar v. INS*, 210 F.3d 967, 971-72 (9th Cir. 2000) (requiring error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**

07-74839