FILED

NOT FOR PUBLICATION

FEB 06 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOTO DJONG, | No. 09-73470 |
| Petitioner, | Agency No. A096-360-180 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Toto Djong, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for withholding of removal and

relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pursuant to 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001). We review de novo claims of due process violations in immigration proceedings. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Djong's testimony and identification card regarding whether he was ever Buddhist, his inability to recall when he converted to Christianity, and his failure to provide evidence corroborating that he is a practicing Christian. *See Mejia-Paiz v. INS*, 111 F.3d 720, 723-24 (9th Cir. 1997); *see also Sidhu v. INS*, 220 F.3d 1085, 1090-92 (9th Cir. 2000). In the absence of credible testimony, Djong's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the IJ's finding that Djong did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Indonesian government. *See Wakkary v.* Holder, 558 F.3d 1049, 1067-68 (9th Cir. 2009). Accordingly, his CAT claim fails.

Finally, we reject Djong's assertion that the IJ violated his due process rights by admitting evidence concerning the conduct of the organization that prepared his

asylum application. *See Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000) (requiring error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**