**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDGAR ROLANDO GARCIA MORALES,<br><br>          Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 08-74809<br><br>Agency No. A072-531-055<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Edgar Rolando Garcia Morales, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence findings of fact, including adverse credibility determinations.  *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001).  We review for abuse of discretion the denial of a motion for a continuance.  *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1245-46 (9th Cir. 2008).  We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based upon inconsistencies between Garcia Morales' asylum applications, asylum interview, and testimony regarding the basis for his claim.  *See Leon-Barrios v. INS*, 116 F.3d 391, 393-94 (9th Cir. 1997).  Garcia-Morales' assertion that the IJ misinterpreted or failed to address his explanation is belied by the record.  In the absence of credible testimony, Garcia Morales' asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the IJ's finding that Garcia Morales did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Guatemalan government.  *See Villegas v. Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008).  Accordingly, his CAT claim fails.

Finally, the BIA did not abuse its discretion by denying Garcia Morales' motion for a continuance and declining to remand to allow him to obtain the

testimony of the asylum officer who interviewed him. *See Sandoval-Luna*, 526

F.3d at 1247.

**PETITION FOR REVIEW DENIED.**