**KUIFENG CHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–73776.**

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2013.*

Filed April 22, 2013.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Albert Chow, Lin & Chow, Monterey Park, CA, for Petitioner.

Janice Kay Redfern, Esquire, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BERZON, TALLMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Kuifeng Cheng ("Cheng"), a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his asylum, withholding of removal, and Convention Against Torture claims. We deny the petition for review.[1]

1. We review claims of due process violations *de novo*. *See Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam); *Colmenar v. INS*, 210

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because Cheng applied for relief before May 11, 2005, pre-REAL ID Act rules apply to his case. *Rizk v. Holder*, 629 F.3d 1083, 1087 n. 2 (9th Cir.2011).

F.3d 967, 971 (9th Cir.2000). Where, as here, the BIA affirms the decision of the IJ and adds its own analysis, we review both decisions. *See, e.g., Paramasamy v. Ashcroft,* 295 F.3d 1047, 1050 (9th Cir. 2002).

"The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks and citation omitted); *see also Colmenar,* 210 F.3d at 971.

■ We need not decide whether Cheng was deprived of a "reasonable opportunity" to present evidence that an alleged inconsistency between his asylum application and his removal hearing testimony was based on a mistranslation of his written application. Even if that were so, Cheng cannot show prejudice.

"As long as one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the claims of persecution, we are bound to accept the negative credibility finding." *Khadka v. Holder,* 618 F.3d 996, 1000 (9th Cir.2010). Moreover, we have "long recognized that a person who is deemed unbelievable as to one material fact may be disbelieved in all other respects." *Lopez–Umanzor v. Gonzales,* 405 F.3d 1049, 1059 (9th Cir.2005); *see also Tamang v. Holder,* 598 F.3d 1083, 1093–94 (9th Cir.2010) (noting that an IJ's credibility finding must be based on an evaluation of the record "as a whole").

Here, the agency's adverse credibility determination did not rest only on the alleged inconsistency between Cheng's written application and his hearing testi-mony. The IJ and BIA articulated several other "specific and cogent" reasons why Cheng was not credible, including other inconsistencies in Cheng's testimony, his vague recollection of events, and his general demeanor. *Shrestha v. Holder,* 590 F.3d 1034, 1044–1045 (9th Cir.2010). In light of these other articulated reasons for disbelieving Cheng, we cannot say that the alleged due process violation affected the outcome of his proceedings. *See Colmenar,* 210 F.3d at 971.

2. For the same reasons, Cheng's challenge to the agency's adverse credibility determination fails. We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007). We "must deny [Cheng's] petition unless [he] has presented evidence so compelling that no reasonable factfinder could find that he was not credible." *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (internal quotation marks omitted).

As noted, the IJ and BIA articulated several specific and cogent reasons for disbelieving Cheng. Cheng offers no evidence compelling the opposite conclusion. *Don,* 476 F.3d at 741.

■ 3. Finally, we review an IJ's decision to exclude a document from evidence for lack of authentication for abuse of discretion. *See Vatyan v. Mukasey,* 508 F.3d 1179, 1182 (9th Cir.2007). Here, the IJ "consider[ed] [Cheng's] testimony as evidence that is relevant to the issue of the documents' authenticity," and "determine[d] [that] the balance of the evidence

[was not] sufficiently compelling to satisfy [her] that the documents [were] what [Cheng] claim[ed] them to be." *Id.* 508 F.3d at 1185. The IJ did not abuse her discretion in concluding that Cheng's testimony alone was insufficient to establish the supplemental documents' authenticity or chain-of-custody.

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.