**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO GABRIEL VELAZQUEZ-RAMIREZ,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 12-70404<br><br>Agency No. A095-130-610<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013**

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Pedro Gabriel Velazquez-Ramirez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his motion to continue his removal

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

due process claims. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007). We dismiss in part and deny in part the petition for review.

Velazquez-Ramirez's undisputed removability for an aggravated felony and controlled-substance violation limits our jurisdiction to questions of law and constitutional claims. *See* 8 U.S.C. § 1252(a)(2)(C)-(D). We therefore lack jurisdiction to consider whether the agency abused its discretion by denying Velazquez-Ramirez's motion for a continuance to seek post-conviction relief.

Velazquez-Ramirez's remaining claim that the agency violated his due process rights by denying him a continuance fails because he has not demonstrated prejudice, where his eligibility for relief from removal remained only a speculative possibility at the time of the hearing. *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1062 (9th Cir. 2010) ("In order to show a due process violation, [a petitioner] must show prejudice . . . . Prejudice is shown where the violation potentially affected the outcome of the proceedings."); *see also Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam) (identifying no prejudice from the denial of a continuance to allow time for adjustment of status, where the petitioner's eligibility to adjust was speculative).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**