FILED

**NOT FOR PUBLICATION**

NOV 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAGDALENA GARCIA DE AGUIRRE, | No. 13-74423 |
| Petitioner, | Agency No. A095-654-818 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Magdalena Garcia de Aguirre, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' order dismissing her appeal

from an immigration judge's denial of a continuance. We have jurisdiction under 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

continuance and review de novo constitutional claims. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion or violate Garcia de Aguirre's due process rights by denying her an eighth continuance to request revalidation of her previously revoked I-130 petition, where Garcia de Aguirre had no qualifying relative currently willing and able to file the affidavit of support necessary to revalidate her petition, and the possibility that her future daughter-in-law might file the affidavit was speculative. *See id.*, 526 F.3d at 1247 (no abuse of discretion in denying a motion for a continuance where the relief sought was not available to petitioner); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Contrary to Garcia de Aguirre's contention, the BIA provided sufficient reasoning and detail in its opinion. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

Garcia de Aguirre's request for mediation is denied.

**PETITION FOR REVIEW DENIED**

13-74423