**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIK WILLIAMS GONON LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73941 <br><br> Agency No. A072-776-683 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Erik Williams Gonon Lopez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review for abuse of discretion the agency's denial of a motion for a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Gonon Lopez claims past persecution and a fear of future persecution on account of his membership in a social group defined as his family, and imputed political opinion. Substantial evidence supports the agency's conclusion that Gonon Lopez did not establish past persecution because his past incidents of mistreatment do not rise to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (evidence of a beating, robbery, and mob threats, even considered cumulatively, did not compel a finding that petitioner endured harm rising to the level of persecution). We reject Gonon Lopez's contention that the agency failed to consider his age and the cumulative effect of his past mistreatment in Guatemala. Substantial evidence also supports the agency's conclusion that Gonon Lopez did not establish a well-founded fear of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a

protected ground represent 'one central reason' for an asylum applicant's persecution"). Thus, we deny the petition as to Gonon Lopez's asylum claim.

Because Gonon Lopez did not establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Gonon Lopez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, the agency did not abuse its discretion in denying Gonon Lopez a further continuance to pursue a U-visa application. *See Sandoval-Luna*, 526 F.3d at 1247 (no abuse of discretion where alternative relief was not immediately available).

**PETITION FOR REVIEW DENIED.**