**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS SANTILLAN RANGEL,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-72481<br><br>Agency No. A095-733-576<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:  FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Jose Luis Santillan Rangel, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") order of removal.  We have jurisdiction under 8

U.S.C. § 1252.  We review for abuse of discretion the denial of a motion for a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

continuance and review de novo constitutional claims. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in denying Santillan Rangel's motion for a continuance where he failed to show good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for a continuance for good cause shown); *Sandoval-Luna*, 526 F.3d at 1247 (the denial of a continuance was within the agency's discretion where relief was not immediately available to the petitioner). The agency applied the correct legal standard in deciding Santillan Rangel's motion to continue, where the agency invoked the applicable "good cause" standard and cited pertinent legal authorities. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision).

We reject Santillan Rangel's contention that the BIA erred in not specifically addressing his contention that the IJ failed to discuss the reasons for denying the continuance, where the BIA conducted a de novo review and provided its own conclusions based on Santillan Rangel's failure to establish eligibility for the relief requested. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its

decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

Santillan Rangel's due process claim fails for lack of error or prejudice from the agency's denial of the continuance, where he has not established eligibility for any relief requested. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

13-72481