NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 4 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISOFORO ANSELMO GARCIA-FERIA,<br><br>        Petitioner,<br><br>    v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br><br>        Respondent. | No.    14-73412<br><br>Agency No. A205-005-133<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Crisoforo Anselmo Garcia-Feria, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for protection

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013), and we review de novo due process claims, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's denial of Garcia-Feria's CAT claim because he failed to establish it is more likely than not he would be tortured if returned to Mexico. *See Blandino-Medina*, 712 F.3d at 1348 (affirming denial of CAT relief where the petitioner "merely presented a series of worst-case scenarios"); *Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir. 2013) (despite troubling country report, record did not compel the conclusion that petitioner would more likely than not be tortured). We reject Garcia-Feria's contentions that the BIA mischaracterized or failed to consider relevant evidence, failed to provide a reasoned explanation for how it weighed the evidence, or applied an incorrect legal standard to his claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must establish error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

14-73412