NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN GUTIERREZ-GALINDO, AKA Juan Guiterrez, Petitioner, v. DANA BOENTE, Acting Attorney General, Respondent. | No. 15-72592 Agency No. A205-528-216 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Juan Gutierrez-Galindo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion for a continuance.  We

have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

agency's denial of a continuance. *Sandoval-Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in denying for lack of good cause Gutierrez-Galindo's motion for a continuance to request that the U.S. Department of Homeland Security ("DHS") reconsider its prior denial of his request for prosecutorial discretion. *See Singh v. Holder,* 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)). Gutierrez-Galindo provided no evidence to support his contention that the agency would change its decision issued only two months prior, and the basis for the motion remained merely a speculative possibility at the time of his final removal hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on . . . speculations.").

The record does not support Gutierrez-Galindo's contention that the IJ failed to provide sufficient reasoning. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**