**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMRIT BASTOLA,

     Petitioner,

 v.

WILLIAM P. BARR, Attorney General,

     Respondent.

No. 18-70094

Agency No. A209-876-538

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2020[**]
San Francisco, California

Before: MILLER and HUNSAKER, Circuit Judges, and RAYES,[***] District Judge.

  Amrit Bastola, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition for review.

1.    We review the agency's findings related to past persecution for substantial evidence. *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004). The agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). Even when "a reasonable factfinder *could* have found [an] incident sufficient to establish past persecution," that is not enough for us to grant relief because "[w]e are not permitted to substitute our view of the matter for that of the Board." *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995).

Here, substantial evidence supports the agency's finding that the harm Bastola suffered did not rise to the level of persecution. Starting in late 2013, Bastola was confronted by persons affiliated with the Maoist party in Nepal. Twice, he was chased by Maoists but escaped. He was also slapped at a local tea shop. In early 2015, a group of Maoists beat Bastola at his home, resulting in injuries for which he sought medical treatment. The Board determined that the "physical assaults were short in duration and did not cause [Bastola] severe or prolonged injuries." On this record, we are not compelled to disagree. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).

Bastola was also subject to threats against his life by Maoists, along with threats of serious harm to his family. Our cases have recognized that "death threats alone" may constitute persecution, *see Navas v. INS*, 217 F.3d 646, 658 (9th Cir. 2000), but "we typically rely on all of the surrounding events, including the death threat, in deciding whether persecution exists." *Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005). Here, the Board concluded that the physical attacks Bastola suffered, even viewed in conjunction with the threats, did not rise to the level of persecution. In doing so, the Board considered our decision in *Mashiri v. Ashcroft*, 383 F.3d 1112 (9th Cir. 2004), and determined that the level of harm Bastola experienced was significantly less severe than that in *Mashiri*. The record does not compel us to disturb the agency's factual finding.

We have also treated threats as "indicative of a danger of future persecution, rather than as past persecution itself." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). In concluding that Bastola did not have an objectively reasonable fear of future persecution, the Board acknowledged that Bastola's cousins had been attacked for hiding him in the past, but it relied on the lack of record evidence showing harm to Bastola's family after he left Nepal, despite the Maoists' belief that they continue to hide him in Nepal. That determination is consistent with our precedent, which establishes that violence against an applicant's family members is relevant to a well-founded fear of persecution. *See Korablina v. INS*, 158 F.3d

1038, 1045 (9th Cir. 1998). While it is possible that the agency could have come to a contrary conclusion, we cannot say that the record compels any reasonable factfinder to do so. *See Elias-Zacarias*, 502 U.S. at 481 n.1.

Because Bastola has not established eligibility for asylum, he also cannot establish eligibility for withholding of removal. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1001 n.5 (9th Cir. 2003); *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

2. It is well established that torture is "more severe than persecution." *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (quoting *Nuru v. Gonzalez*, 404 F.3d 1207, 1224 (9th Cir. 2005)). Substantial evidence supports the agency's denial of Bastola's claim under the Convention Against Torture because he did not show that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Nepal. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1)–(2); *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

3. We review for abuse of discretion the denial of a continuance and review de novo claims of due process violations in immigration proceedings. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). Here, an immigration judge had already granted a continuance, and in any event Bastola was allowed to testify about the import of the documentary evidence he would have presented.

Given that the immigration judge found Bastola credible, there was no abuse of discretion in her denial of Bastola's motion for another continuance. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam).

Because there was no error in the immigration judge's decision to deny a continuance, it follows that there was no violation of due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). We reject Bastola's contention that the agency failed to consider all of his evidence.

**PETITION DENIED**.