**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BHARAT BHUSAN, | No. 19-70165 |
| Petitioner, | Agency No. A216-276-000 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2020**
San Francisco, California

Before:  M. SMITH and HURWITZ, Circuit Judges, and BURGESS,*** District
Judge.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Timothy M. Burgess, United States Chief District Judge
for the District of Alaska, sitting by designation.

Petitioner Bharat Bhushan,[1] a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

1. Petitioner contends that the IJ violated his right to due process by denying his motion to continue his merits hearing. "An IJ's denial of a motion for continuance is reviewed for an abuse of discretion." *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). To determine whether an IJ has abused his discretion, we must consider multiple factors, including: "(1) the nature of the evidence excluded as a result of the denial of the continuance; (2) the reasonableness of the immigrant's conduct; (3) the inconvenience to the court; and (4) the number of continuances previously granted." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1110 (9th Cir. 2010).

Petitioner has not identified any evidence that was excluded as a result of the denial.[2] With respect to the reasonableness of Petitioner's conduct, Petitioner

---

[1] Although Petitioner's last name is spelled "Bhusan" in the case caption, throughout Petitioner's brief and the administrative record the spelling "Bhushan" predominates.

[2] In fact, to avoid excluding material evidence, the IJ allowed Petitioner an additional 28 days after the merits hearing to submit supporting documentary evidence.

retained counsel only seven to ten days before the hearing, despite receiving four prior continuances over four months to secure counsel. Having considered the relevant factors, we find that the IJ did not abuse his discretion, and that Petitioner was not prevented "from fully and fairly presenting" his case. *Cruz Rendon*, 603 F.3d at 1111. Petitioner also argues that the IJ violated his right to due process by pre-judging the case. But, having reviewed the record, we find that the IJ was a "neutral fact-finder interested in hearing the petitioner's evidence." *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000).

2. Next, we turn to Petitioner's arguments that the BIA erroneously denied asylum, withholding of removal, and CAT relief. "We review the BIA's denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (internal quotation marks omitted).

Substantial evidence supports the BIA's determination that Petitioner can safely relocate within India and it would be reasonable for him to do so, the basis on which asylum and withholding of removal was denied. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004); *see also* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B). Additionally, substantial evidence supports the BIA's conclusion that Petitioner is ineligible for CAT relief because he has not

demonstrated that he more likely than not would face torture upon his return to India.

*See* 8 C.F.R. § 1208.16(c)(2), (3).

The petition for review is **DENIED.**