NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIO ALFONSO DIAZ-OROSCO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1627

Agency No.
A206-082-680

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2025**
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Petitioner Julio Alfonso Diaz-Orosco, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's grant of Petitioner's request for voluntary departure.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review constitutional challenges de novo. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Before the BIA, Petitioner challenged his eligibility for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(l). The BIA first held that Petitioner's argument was not properly presented because Petitioner never filed an application for cancellation of removal (Form EOIR-42B). The BIA also concluded that, even if an application had been presented, Petitioner was ineligible for relief because he lacked a qualifying "child" relative. *See* 8 U.S.C. §§ 1229b(b)(l)(D), 1101(b)(l) (defining a "child" as an unmarried person under 21 years old). The BIA rejected Petitioner's constitutional challenge to that statutory provision because it lacked jurisdiction to rule on the constitutionality of a statute and because Petitioner failed to show prejudice.

On appeal before this court, Petitioner argues that the statutory definition of "child" violates equal protection and that this definition "prevented" him from seeking cancellation. Petitioner has not presented a colorable equal protection challenge. Federal classifications based on alienage are "subject to relaxed scrutiny." *Tista v. Holder*, 722 F.3d 1122, 1126 (9th Cir. 2013) (citation omitted). We will uphold Congress's choice if it is not "wholly irrational." *Nunez-Reyes v. Holder*, 646 F.3d 684, 689 (9th Cir. 2011) (en banc) (citation omitted). "Challengers

have the burden to negate 'every conceivable basis which might support [a legislative classification] . . . whether or not the basis has a foundation in the record.'" *Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1164 (9th Cir. 2002) (quoting *Heller v. Doe*, 509 U.S. 312, 320–21 (1993)).

Congress's choice to define "child" in the immigration context as an unmarried person under 21 years old is not irrational. Congress could have reasonably determined that younger, unmarried children merited consideration for harms that adult children would not likely face in the event of their parent's removal. Thus, "[t]he statutory limitation on cancellation of removal for aliens without qualifying relatives meets the standard for rational basis review." *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (denying an equal protection challenge to the qualifying relative requirement for cancellation of removal).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal will remain in place until the mandate issues. Any pending motion to stay removal is otherwise denied as moot.