**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO LUA QUINTERO, | No. 11-73539 |
| Petitioner, | Agency No. A087-284-976 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Mario Lua Quintero, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from a decision of

an immigration judge ("IJ") denying his motion to continue his removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the agency's denial of a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), we deny the petition for review.

The agency did not abuse its discretion by denying Lua Quintero's motion to continue to wait for the U.S. Department of Homeland Security ("DHS") to adjudicate his request for prosecutorial discretion, because he failed to demonstrate good cause for a continuance. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)). Lua Quintero had already received one prior continuance for this purpose, he had conceded the charge of inadmissibility and his ineligibility for all relief from removal except voluntary departure, DHS opposed an additional continuance, and the basis for the motion remained a mere speculative possibility at the time of his hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *see also Sandoval-Luna*, 526 F.3d at 1247 (rejecting an abuse-of-discretion challenge to an IJ's refusal to continue removal proceedings where "no relief was then immediately available").

**PETITION FOR REVIEW DENIED.**