**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ENRIQUE BERMUDEZ-ALONSO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72922 <br><br> Agency No. A098-953-465 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Enrique Bermudez-Alonso, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his motion to continue his removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the agency's denial of a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), and review de novo questions of law and due process claims, *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007). We deny the petition for review.

The agency did not abuse its discretion by denying Bermudez-Alonso's motion to continue in order to wait for the enactment of comprehensive immigration reform, because he failed to demonstrate good cause for a continuance. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)). Bermudez-Alonso conceded his ineligibility for relief from removal under current law, and the basis for his motion remained a merely speculative possibility at the time of his removal hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *see also Sandoval-Luna*, 526 F.3d at 1247 (rejecting an abuse-of-discretion challenge to an IJ's refusal to continue removal proceedings where "no relief was then immediately available").

The agency correctly considered the relevant legal standard and provided a reasoned explanation for its decision denying Bermudez-Alonso's motion to continue. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[The BIA must] consider the issues raised, and announce its decision in terms sufficient to

enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and internal quotation marks omitted)).

The agency did not violate Bermudez-Alonso's due process rights by denying his motion to continue, because he received a full and fair hearing. *See Vargas-Hernandez*, 497 F.3d at 926-27 ("Where an alien is given a full and fair opportunity to be represented by counsel, prepare an application for . . . relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process.").

**PETITION FOR REVIEW DENIED.**