**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DHARMESH BALUBHAI PATEL, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 12-72230 Agency No. A072-176-625 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Dharmesh Balubhai Patel, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' order affirming the decision of an

immigration judge ("IJ") denying Patel's motion to continue his removal

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the agency's denial of a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), and review de novo whether the agency applied a correct legal standard, *Florez-de Solis v. INS*, 796 F.2d 330, 333 (9th Cir. 1986). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by denying Patel's motion to continue in order to wait for an employment-based immigrant visa to become available to him, where he failed to demonstrate good cause for a continuance. *See Sandoval-Luna*, 526 F.3d at 1247 (rejecting an abuse-of-discretion challenge to an IJ's refusal to continue removal proceedings where "no relief was then immediately available").

The agency also applied the correct legal criteria and provided a reasoned explanation for its decision denying Patel's motion to continue, where the agency invoked the applicable "good cause" legal standard and cited pertinent legal authorities. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that "the IJ applied the correct legal standard" where "the IJ expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

12-72230

We lack jurisdiction to consider Patel's unexhausted contention that the IJ failed to redress the harm from the agency's earlier finding of frivolousness in his asylum application.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**