**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAMERINO RAMON GONZALEZ-SANCHEZ, | No. 12-73334 |
| Petitioner, | Agency No. A087-431-985 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Camerino Ramon Gonzalez-Sanchez, a native and citizen of Mexico,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

dismissing his appeal from the decision of an immigration judge ("IJ") denying his

motion to continue removal proceedings. We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for an abuse of discretion the agency's denial of a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), and review de novo whether the agency applied a correct legal standard, *Florez-de Solis v. INS*, 796 F.2d 330, 333 (9th Cir. 1986). We deny the petition for review.

The agency did not abuse its discretion by denying Gonzalez-Sanchez's motion to continue in order to wait for the outcome of his state-court petition for post-conviction relief, because Gonzalez-Sanchez failed to demonstrate good cause for a continuance. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)). Gonzalez-Sanchez conceded the finality of his conviction and his resulting ineligibility for relief from removal, and post-conviction relief remained a merely speculative possibility at the time of his final hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *see also Sandoval-Luna*, 526 F.3d at 1247 (rejecting an abuse-of-discretion challenge to an IJ's denial of a continuance where "no relief was then immediately available").

The BIA applied the correct legal criteria to Gonzalez-Sanchez's request for a continuance and adequately considered his arguments on appeal. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that "the IJ applied the correct legal standard" in a case where "the IJ expressly cited and

applied [relevant case law] in rendering its decision, which is all our review requires"); *see also Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009) ("Where the BIA conducts a de novo review, '[a]ny error committed by the IJ will be rendered harmless by the Board's application of the correct legal standard.'" (citation omitted)).

**PETITION FOR REVIEW DENIED.**