**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSUE CERVANTES-CISNEROS, | No. 12-73721 |
| Petitioner, | Agency No. A095-752-432 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Josue Cervantes-Cisneros, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from the decision of an immigration judge ("IJ") denying his motion to

continue. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of discretion the agency's denial of a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), and review de novo whether the agency applied a correct legal standard, *Florez-de Solis v. INS*, 796 F.2d 330, 333 (9th Cir. 1986). We deny the petition for review.

The agency did not abuse its discretion by denying Cervantes-Cisneros's motion for a continuance to seek post-conviction relief in state court, because Cervantes-Cisneros failed to demonstrate good cause for a continuance. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)). Cervantes-Cisneros conceded his inadmissibility and ineligibility for relief from removal, and collateral post-conviction relief remained a merely speculative possibility at the time of his final hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *see also Sandoval-Luna*, 526 F.3d at 1247 (rejecting a challenge to an IJ's denial of a continuance where "no relief was then immediately available").

The BIA applied the correct legal standard to Cervantes-Cisneros's request for a continuance. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that "the IJ applied the correct legal standard" in a case where

2                                                        12-73721

"the IJ expressly cited and applied [relevant case law] in rendering its decision,

which is all our review requires").

**PETITION FOR REVIEW DENIED.**