**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADRIAN OLIVARES-GARCIA, | No. 12-74131 |
| Petitioner, | Agency No. A088-738-939 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Adrian Olivares-Garcia, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal

from the decisions of an immigration judge ("IJ") denying his motions for a

continuance of his removal proceedings.  We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the agency's denial of a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam), and review de novo due process claims and questions of law, *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010) (due process claims); *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004) (questions of law). We deny the petition for review.

The agency did not abuse its discretion by denying for lack of good cause Olivares-Garcia's motions for a continuance to wait for the government's adjudication of his request for prosecutorial discretion and for passage of immigration-reform legislation. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)). Olivares-Garcia conceded his removability and ineligibility for any relief from removal under current law, and the bases for the motions remained merely speculative possibilities at the time of his final removal hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *see also Sandoval-Luna*, 526 F.3d at 1247 (rejecting a challenge to an IJ's denial of a continuance where "no relief was then immediately available").

The agency applied the correct legal standard to Olivares-Garcia's motions. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that

"the IJ applied the correct legal standard" in a case where "the IJ expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

Olivares-Garcia's claim that the denial of his motions for a continuance violated his due process rights lacks merit because he failed to demonstrate prejudice. *See Cruz Rendon*, 603 F.3d at 1109 ("In order to prevail on [a due process] claim, the alien . . . must show prejudice, 'which means that the outcome of the proceeding may have been affected by the alleged violation.'" (citation omitted)); *see also Robleto-Pastora v. Holder*, 591 F.3d 1051, 1062 (9th Cir. 2010) (identifying no prejudice from the denial of a continuance where the petitioner was "currently ineligible" for relief from removal).

In light of this disposition, we need not consider the BIA's determination that Olivares-Garcia had abandoned his challenge to the IJ's decision of December 12, 2011. *See Simeonov*, 371 F.3d at 538 ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation omitted)).

**PETITION FOR REVIEW DENIED.**

12-74131