**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAIME HERNANDEZ LOPEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-70134

Agency No. A200-707-364

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015**

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Jaime Hernandez Lopez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order of removal. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for substantial evidence the agency's factual findings,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

including credibility determinations. *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013). We review for abuse of discretion the denial of a motion for a continuance and review de novo constitutional claims. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The record does not compel reversal of the agency's determination that Hernandez Lopez failed to establish that he had been admitted to the United States, and that he was therefore both removable and ineligible for adjustment of status, where the agency's adverse credibility determination was supported by substantial evidence and Hernandez Lopez failed to present corroborating evidence concerning the manner of his entry into the United States. *See* 8 U.S.C. § 1255(a); *Shrestha v. Holder,* 590 F.3d 1034, 1048 (9th Cir. 2010) (alien failed to meet his burden where, absent his discredited testimony, there was no objective evidence to support his claim).

Contrary to his contentions, the agency did not abuse its discretion or violate Hernandez Lopez' due process rights by denying a continuance to await adjudication of his I-130 visa petition. *See* 8 U.S.C. § 1255(a) (requiring applicant for adjustment of status to have been "inspected and admitted or paroled into the United States"); *Sandoval-Luna*, 526 F.3d at 1247 (no abuse of discretion by

13-70134

denying a motion for a continuance where the relief sought was not available to petitioner); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Hernandez Lopez's contention that the agency abused its discretion and violated his due process rights by pretermitting his application for cancellation of removal and by denying his request for a continuance to allow him to submit fingerprints fails where the IJ advised Hernandez Lopez orally and in writing of the deadline for being fingerprinted and the consequences of failure to meet the deadline, and Hernandez Lopez had sufficient time to comply and indicated that he understood the IJ's warnings. *See Cui v. Mukasey*, 538 F.3d 1289, 1293-95 (9th Cir. 2008) (the agency abused its discretion where it declined to grant a continuance for the alien to resubmit required fingerprints, where the alien had no notice of the requirement); *Lata*, 204 F.3d at 1246.

Contrary to Hernandez Lopez' contention, the BIA provided sufficient reasoning and detail in its opinion. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("[The BIA] does not have to write an exegesis on every contention. What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to

3

13-70134

perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

We lack jurisdiction to consider Hernandez Lopez' contention that the IJ exhibited bias against him, where he failed to exhaust that contention before the agency. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**