**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REBECCA LOPEZ-VALDEZ, | No. 13-71898 |
| Petitioner, | |
| | Agency No. A079-222-549 |
| v. | |
| | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Rebecca Lopez-Valdez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

continue, and review de novo due process claims and questions of law. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We review for substantial evidence the agency's factual findings. *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850-51 (9th Cir. 2004). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Lopez-Valdez's challenges to her two 2001 expedited removal orders. *See* 8 U.S.C. § 1252(e)(2); *Garcia de Rincon v. Dep't. of Homeland Sec.*, 539 F.3d 1133, 1138-39 (9th Cir. 2008) (noting that "[s]ection 1252(e) only permits review of expedited removal orders in a habeas corpus petition").

Substantial evidence supports the agency's determination that Lopez-Valdez's 2001 expedited removal orders prevented her from establishing the ten years of continuous physical presence required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Juarez-Ramos v. Gonzales*, 485 F.3d 509, 511 (9th Cir. 2007) (expedited removal interrupts an alien's continuous physical presence for cancellation purposes).

The agency did not abuse its discretion in denying a second continuance where Lopez-Valdez did not show good cause for an additional continuance. *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown).

Lopez-Valdez has failed to establish a due process violation resulting from her alleged inability to collaterally attack her expedited orders of removal before the IJ.  *See* 8 U.S.C. § 1225(b)(1)(C); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Finally, we deny Lopez-Valdez's motion to stay voluntary departure and removal.  *See* 8 C.F.R. § 1240.26(i); *Leiva-Perez v. Holder,* 640 F.3d 962 (9th Cir. 2011) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**