**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 26 2016


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ALVARO MOISES RAMOS-DIAZ, | No. 14-70498 |
| Petitioner, | Agency No. A200-670-941 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Alvaro Moises Ramos-Diaz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") denial of a continuance. We have jurisdiction

under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

continue and review de novo claims of due process violations. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny the petition for review.

The agency did not abuse its discretion by denying Ramos-Diaz's motion for a continuance to seek post-conviction relief because Ramos-Diaz failed to demonstrate good cause. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)). Ramos-Diaz conceded removability, he was ineligible for the relief sought, and collateral post-conviction relief remained a merely speculative possibility at the time of his final hearing. *See id.* ("[T]he IJ [is] not required to grant a continuance based on . . . speculations.").

Ramos-Diaz's due process claim concerning voluntary departure fails because he has not established prejudice. *See* 8 U.S.C. § 1229c(b)(1)(B) (requiring a good moral character showing to receive voluntary departure); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**