**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANKLIN GERARDO RODRIGUEZ, | No. 15-71449 |
| Petitioner, | |
| | Agency No. A075-504-359 |
| v. | |
| | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016**

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Franklin Gerardo Rodriguez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo due process contentions, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's dispositive conclusion that, even if Rodriguez established past persecution on account of a protected ground, a fundamental change in circumstances in El Salvador rebutted his presumption of a well-founded fear of future persecution. *See Singh v. Holder*, 753 F.3d 826, 832-35 (9th Cir. 2014). Thus, Rodriguez's asylum claim fails.

Because Rodriguez failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of Rodriguez's CAT claim because he failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Alphonsus v. Holder*, 705 F.3d 1031, 1049-50 (9th Cir. 2013).

Finally, we reject Rodriguez's due process challenge to the IJ's corroboration finding. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)

(requiring prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED**.