**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS MARTINEZ-NAVARRO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-74230 <br><br> Agency No. A205-600-574 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:      FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Carlos Martinez-Navarro, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") removal order denying his request for a continuance.

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion for a continuance, and review de novo claims of due process violations. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in denying Martinez-Navarro's motion for a further continuance to seek post-conviction relief where Martinez-Navarro failed to show good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for a continuance for good cause shown). Martinez-Navarro conceded removability, he had been granted three prior continuances, and post-conviction relief remained a speculative possibility at the time of his final hearing. *See Sandoval-Luna*, 526 F.3d at 1247 (the denial of a continuance was within the agency's discretion where relief was not immediately available to petitioner); *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations.").

To the extent Martinez-Navarro contends that the denial of a continuance violated due process by preventing him from pursuing post-conviction relief, his claim fails because he has not established error or prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

13-74230