NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHUNXIA ZHAO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 13-74091

Agency No. A099-967-284

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016**

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Chunxia Zhao, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   We

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

We do not consider the materials Zhao references in her opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Zhao's testimony and between her testimony and documentary evidence concerning her church attendance, why she was not baptized in China, and where family planning officials arrested her. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Zhao's contentions do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, Zhao's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Zhao's CAT claim fails because it is based in part on testimony the BIA found not credible, and she does not point to any other evidence in the record that

13-74091

compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in China. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003); *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) ("[T]o reverse the BIA with respect to a finding of fact, the evidence must compel a different conclusion from the one reached by the BIA.").

**PETITION FOR REVIEW DENIED.**