**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARAMJIT KAUR MANGAT, | No. 15-70670 |
| Petitioner, | Agency No. A087-316-753 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Paramjit Kaur Mangat, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") order of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo claims of due process violations. *Sandoval-Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion or violate due process in denying Mangat's request for a continuance, where her visa petition had been denied and she did not show a likelihood of success on the appeal of the visa petition denial. *See id.* at 1247 (no abuse of discretion in denying a motion for a continuance where the relief sought was not then immediately available to petitioner); *see also Matter of Hashmi,* 24 I. & N. Dec. 785, 790 (BIA 2009) (in determining whether to grant a continuance, "the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application."); *Lata v. I.N.S.,* 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Because the IJ did not adjudicate her application for adjustment of status, we do not address Mangat's contentions that the IJ erred in denying that application.

We grant Mangat's request that we take judicial notice of the decisions of our court that she cites in her opening brief.

**PETITION FOR REVIEW DENIED.**