FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN CORREA, AKA Martin Correa Caballero, AKA Martin Rosalio Correa, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.    14-72546 <br><br> Agency No. A093-377-134 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016[**]

Before:    LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Martin Correa, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for cancellation of removal.  We

have jurisdiction under 8 U.S.C. § 1252.  We  review de novo claims of due

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

process violations, and review for abuse of discretion the denial of a motion for a continuance. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

We reject Correa's due process claim that his merits hearing was scheduled too close to the master calendar hearing, and as a result he had inadequate time to submit more evidence of the requisite hardship for cancellation of removal. Correa's attorney did not object to the scheduling of the merits hearing date or request a continuance to gather additional evidence, and he has not established any resulting prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim). Correa does not raise any other challenge to the agency's discretionary determination that he failed to show the requisite hardship to a qualifying relative for cancellation of removal. Thus we do not consider Correa's contentions regarding good moral character because his failure to establish hardship is dispositive. *See* 8 U.S.C. § 1229b(b)(1); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the court need not reach a contention when another dispositive determination has been made).

The agency did not abuse its discretion in denying for lack of good cause Correa's request for a continuance to await the promulgation of a regulation that

might have benefitted him.  *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown); *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[An] IJ [is] not required to grant a continuance based on . . . speculations.").

**PETITION FOR REVIEW DENIED.**