NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ANTONIO MORENO HERNANDEZ, AKA Carlos Antonio Moreno, AKA Tony Moreno, AKA Carlo A. Moreno Hernandez, AKA Carlos Moreno Hernandez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-71811 <br><br> Agency No. A036-277-695 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Carlos Antonio Moreno Hernandez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing his

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's ("IJ") decision finding him inadmissible and denying his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a motion to continue, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008), and review de novo questions of law, *Vinh Tan Nguyen v. Holder*, 763 F.3d 1022, 1027 (9th Cir. 2014). We deny in part and grant in part the petition for review, and remand.

The agency did not abuse its discretion in denying Moreno Hernandez's motion for a continuance where he failed to show good cause. *See* 8 C.F.R § 1003.29 (IJ has authority to grant continuance upon showing of good cause); *Salviejo-Fernandez v. Gonzales*, 455 F. 3d 1063, 1067-68 (9th Cir. 2006) (conviction under California Health and Safety Code § 11366 is an aggravated felony); *Sandoval-Luna*, 526 F.3d at 1247 (no good cause for continuance where relief from removal was not available).

The agency did not have the benefit of our decision in *Ramirez-Contreras v. Sessions*, 858 F.3d 1298 (9th Cir. 2017), holding that California Vehicle Code § 2800.2(a) is not a crime involving moral turpitude, when it determined that Moreno Hernandez's conviction under § 2800.2(a) was categorically a crime involving moral turpitude. We therefore remand because Moreno Hernandez is not inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I). *See Ramirez-Contreras*, 853 F.3d at 1306 (holding § 2800.2 is indivisible).

15-71811

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**