**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FENG GU, | No.   18-70201 |
| Petitioner, | Agency No. A201-040-756 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018**

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Feng Gu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review for abuse of discretion the denial of a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008), and a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Gu's testimony and documentary evidence as to and the timing of and motivation for Gu's decision to come to the United States, the date Gu's father died, and Gu's address in China, *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Gu's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Substantial evidence also supports the agency's additional determination that Gu failed to establish an objectively reasonable fear of future persecution. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009) (petitioner "failed to make a compelling showing of the

requisite objective component of a well-founded fear of persecution"). Thus, Gu's asylum claim fails.

In this case because Gu failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Gu's CAT claim also fails because it is based on the same testimony the agency found not credible, and Gu does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government in China. *See Farah*, 348 F.3d at 1156-57.

The IJ did not abuse his discretion by denying Gu's request for a continuance. *See* 8 C.F.R. § 1003.29 (an IJ may grant a continuance for good cause shown); *Sandoval–Luna*, 526 F.3d at 1247 ("The decision to grant or deny a continuance is in the sound discretion of the judge and will not be overturned except on a showing of clear abuse." (citation and quotation marks omitted)).

18-70201

Finally, the BIA did not abuse its discretion in denying Gu's motion to remand. *Cf. Romero-Ruiz*, 538 F.3d at 1061 ("The BIA abuses its discretion if its decision is 'arbitrary, irrational, or contrary to law.'" (citation omitted).

**PETITION FOR REVIEW DENIED.**

18-70201