NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTEBAN RENE REYES, | No. 20-72405 |
| Petitioner, | |
| v. | Agency No. A213-082-631 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2021[**]

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Esteban Rene Reyes, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision ordering him removed. Specifically, Reyes

challenges the IJ's denial of his motion for a continuance. Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for continuance and review de novo claims of due process violations in immigration proceedings. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in concluding that Reyes failed to show good cause to grant his third request for a continuance. *See* 8 C.F.R. § 1003.29; *Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir. 1996) (no abuse of discretion where multiple continuances had already been granted).

To the extent Reyes contends the IJ violated his right to due process at his December 2017 hearing, we lack jurisdiction to consider the issue because Reyes failed to raise it to the BIA. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) ("[W]e may not entertain due process claims based on correctable procedural errors unless the alien raised them below.").

The BIA did not err in concluding the IJ did not violate Reyes's right to due process by proceeding in the absence of a waiver of counsel at his July 2018 hearing. *See Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) (concluding the IJ did not violate the applicant's right to counsel where the applicant was provided "reasonable time to locate counsel"); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

We reject as unsupported by the record Reyes's contentions that the agency otherwise erred in the handling of his case.

The temporary stay of removal remains in place until the issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**